**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK TUFANO,** | : | **Civil No. 3:26-CV-835** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BASED BODYWORKS LLC, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

## I. Factual Background

In the instant case we are called upon to assess the legal sufficiency of a *pro se* complaint which alleges that the defendants are "'The Elite' AKA Secret Society Members, such as the Illuminati and Freemasonry." (Doc. 1-1 ¶ 20).

This *pro se* lawsuit which was removed to federal court from the Court of Common Pleas of Lackawanna County was referred to us on July 29, 2026. The plaintiff, Frank Tufano, is a familiar, albeit frequently unsuccessful, *pro se* litigant.[1]

[1] See e.g., Tufano v. Filatova, No. 3:24-CV-1252, 2025 WL 763573, at *1 (M.D. Pa. Jan. 15, 2025), report and recommendation adopted, No. 3:24-CV-1252, 2025 WL 457106 (M.D. Pa. Feb. 11, 2025); Tufano v. Reddit, Inc., No. 3:24-CV-1114, 2024 WL 5078105, at *1 (M.D. Pa. Dec. 11, 2024), appeal dismissed, No. 25-1014, 2025 WL 1851754 (3d Cir. Mar. 21, 2025); Tufano v. TikTok, Inc., No. 3:24CV1116, 2024 WL 4941023, at *1 (M.D. Pa. Dec. 2, 2024); Tufano v. Frankies Free Range Meat Conspirators, No. 3:24-CV-846, 2024 WL 5318269, at *1 (M.D. Pa. Nov. 6, 2024), report and recommendation adopted, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024); Tufano v. Levy, No. 3:23-CV-02106, 2024 WL 4481056, at *1 (M.D.

In the instant case, Tufano sues a host of defendants, including Based Bodyworks, Bytedance, Inc., TikTok, and Instagram, alleging that they are "owned by 'The Elite' AKA Secret Society Members, such as the Illuminati and Freemasonry." (Doc. 1-1 ¶ 20). Tufano then alleges in a cursory fashion this secretive cabal has conspired to thwart his sales of cosmetic products by adopting algorithms which favor Based Bodyworks over his own line of products. Based on this sweeping and factually unsupported assertion premised upon Tufano's subjective belief that he is the victim of some global clandestine secret society of social elites, the plaintiff's complaint asserts employment discrimination; antitrust offenses, violations of the Federal Trade Commission Act, along with civil conspiracy and the state law torts of defamation and intentional infliction of emotional distress. (Id.) Relying upon these cryptic claims Tufano demands wide-ranging injunctive and declaratory relief along with $3,300,000 in damages. (Id.)

Presented with this complaint, Meta, which owns Instagram, removed this case to federal court, (Doc. 1), and moved to dismiss Tufano's complaint. (Doc. 4). Meta's motion is fully briefed and is, therefore, ripe for resolution.

---

Pa. Sept. 18, 2024), report and recommendation adopted, No. 3:23-CV-2106, 2024 WL 4476650 (M.D. Pa. Oct. 11, 2024).

For the reasons set forth below, it is recommended that the motion to dismiss be granted.

## II. Discussion

### A. Motion to Dismiss—Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, BU.S.B, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a

review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S.

> at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White

Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is against these legal guideposts that we assess the sufficiency of the plaintiff's claims.

**B. Tufano's Complaint Against Instagram Should be Dismissed**

Applying these legal benchmarks, Tufano's claims against Meta and Instagram fail on their merits for several reasons.

First, to the extent that Tufano's complaint rests upon the belief that he is bedeviled "by 'The Elite' AKA Secret Society Members, such as the Illuminati and Freemasonry," (Doc. 1-1 ¶ 20), the plaintiff's allegations have the quality of things

that are more imagined than real. Tufano's averment that he is the victim of a global elite conspiracy calls to mind a familiar legal proposition; namely:

> [A] complaint may be subject to dismissal because it presents a cause of action that "relies on 'fantastic or delusional scenarios.' Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). Furthermore, we are obliged to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)." DeGrazia, 316 F. App'x at 173.

Liptok v. Facebook, No. 3:21-CV-2141, 2021 WL 12143368, at *5 (M.D. Pa. Dec. 23, 2021), report and recommendation adopted sub nom. Liptok v. Book, No. 3:21-CV-02141, 2022 WL 21759757 (M.D. Pa. Mar. 22, 2022). To the extent that Tufano insists that the Illuminati or some similar, sinister, global elitist secret society are conspiring to interfere with his cosmetics business, he relies on fantastic or delusional scenarios which are subject to dismissal.

Aside from the fantastic factual premise which serves as the lynchpin for Tufano's claims, this complaint is flawed in several other fundamental ways. For example, Tufano's various claims are often presented as nothing more than conclusions, which are not entitled to the assumption of truth. Ashcroft, 556 U.S. at 679. Therefore, these "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which

relief may be granted. Id. at 678.

Tufano's specific legal claims are also unavailing. Thus, Tufano's complaint alleges a violation of the Federal Trade Commission Act. This is a curious and feckless averment since we have already told the plaintiff that "Tufano may not rely upon the Federal Trade Commission Act to pursue a private right of action." Tufano v. Reddit, Inc., No. 3:24-CV-1114, 2024 WL 5085969, at *4 (M.D. Pa. Nov. 8, 2024), report and recommendation adopted, No. 3:24-CV-1114, 2024 WL 5078105 (M.D. Pa. Dec. 11, 2024), appeal dismissed, No. 25-1014, 2025 WL 1851754 (3d Cir. Mar. 21, 2025). This claim, therefore, is also subject to summary dismissal.

Likewise, Tufano's complaint asserts a claim of workplace discrimination under Title VII, 42 U.S.C. § 2000e, et seq. This claim fails for a single, simple reason. By its terms Title VII only protects employees from discrimination by their employers, and the term "employee" is defined as "an individual employed by an employer," 42 U.S.C. § 2000e (f). Thus, "it is well settled that as a threshold matter, under Title VII '[a plaintiff] must allege an employment relationship with defendants.'" Fiscus v. Big Bass Lake Cmty. Ass'n Inc., No. 3:22-CV-1609, 2023 WL 3295177, at *5 (M.D. Pa. May 5, 2023) (quoting Moffett v. Woodlake Props., LLC., 2021 WL 4123914, at *3 (E.D. Pa. 2021) and Covington v. Int'l Ass'n of Approved Basketball Offs., 710 F.3d 114, 199 (3d Cir. 2013)) (alterations in original)). Nothing in Tufano's complaint alleges that he was employed by Meta.

Therefore, Title VII simply has no application here. Accordingly, this claim is legally and factually bankrupt.

Tufano also couches a number of the counts in his complaint as monopoly and antitrust claims, but as we have previously explained to Tufano, such claims fail since:

> "The Sherman Act ... prohibits contracts, combinations or conspiracies 'in restraint of trade.' " City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 267 (3d Cir. 1998) (quoting 15 U.S.C. § 1). If an agreement's "nature and necessary effect [is] so plainly anticompetitive that no elaborate study of the industry is needed to establish [its] illegality—[it is] 'illegal *per se*.' " Nat'l Soc. of Professional Engineers v. United States, 435 U.S. 679, 692 (1978). Otherwise, a court must undertake the "rule of reason" analysis and look at "the facts peculiar to the business, the history of the restraint, and the reasons why it was imposed" to determine if such an agreement is illegal. Id. Under the "rule of reason" analysis, a plaintiff must show:
>
> > (1) that the defendants contracted, combined, or conspired among each other; (2) that the combination or conspiracy produced adverse, anti-competitive effects within relevant product and geographic markets; (3) that the objects of and the conduct pursuant to that contract or conspiracy were illegal; and (4) that the plaintiffs were injured as a proximate result of that conspiracy.

Tufano v. TikTok Inc., No. 3:24-CV-1116, 2024 WL 4942406, at *3 (M.D. Pa. Nov. 5, 2024), report and recommendation adopted, No. 3:24CV1116, 2024 WL 4941023 (M.D. Pa. Dec. 2, 2024) (quoting Tunis Bros. Co., Inc. v. Ford Motor Co., 952 F.2d 715, 722 (3d Cir. 1991)) (internal citations and quotation marks omitted). Despite this prior admonition, Tufano persists in vaguely alleging some form of restraint on

trade by a secret cabal of global elitists, but the complaint is devoid of well-pleaded facts which would support any antitrust claims. Therefore, these claims fail.

Tufano's state law claims are also profoundly flawed. For example, Tufano asserts a claim of intentional infliction of emotional distress but: "In Pennsylvania, in order to state a claim for intentional infliction of emotional distress, a plaintiff must establish that 1) the conduct of defendant was intentional or reckless; 2) the conduct was extreme and outrageous; 3) the conduct caused emotional distress; and 4) the distress was severe." Hollinghead v. City of York, 912 F. Supp. 2d 209, 226 (M.D. Pa. 2012), aff'd sub nom. Hollinghead v. City of New York, 592 F. App'x 110 (3d Cir. 2015). Further:

> In order to qualify as extreme and outrageous conduct, the alleged conduct must "go beyond all possible bounds of decency, and ... be regarded as atrocious ... and utterly intolerable in civilized society." Buczek v. First Nat'l Bank of Mifflintown, 366 Pa.Super. 551, 531 A.2d 1122, 1125 (Pa.Super.Ct.1987). See Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 85 (3d Cir.1987). The Pennsylvania Superior Court has also held that "it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous." Johnson v. Caparelli, 425 Pa.Super. 404, 625 A.2d 668, 671 (Pa.Super.Ct.1993). See, e.g., Reimer v. Tien, 356 Pa.Super. 192, 514 A.2d 566, 569 (Pa.Super.1986); Jones v. Nissenbaum, Rudolph, & Seidner, 244 Pa.Super. 377, 368 A.2d 770, 773–74 (1976).

Hollinghead, 912 F. Supp. 2d at 226.

At most, Tufano alleges that he finds himself at a competitive disadvantage when marketing cosmetics on various social media platforms. Thus, nothing in

Tufano's cryptic complaint describes conduct that is atrocious and utterly intolerable in civilized society. Therefore, this claim, which lays bare the deficiencies in Tufano's factual pleadings, should be dismissed.

Tufano's defamation claim fares no better when subjected to close scrutiny.

> Under Pennsylvania law, "[i]n an action for defamation, the plaintiff must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of its defamatory meaning; (5) understanding by the recipient of it as intended to be applied to plaintiff; (6) special harm to the plaintiff; (7) abuse of a conditionally privileged occasion."

Fouad v. Milton Hershey Sch. & Tr., No. 1:19-CV-253, 2020 WL 8254470, at *12 (M.D. Pa. Feb. 19, 2020) (citing 42 Pa.C.S. § 8343(a)). Judged against these legal guideposts, Tufano's defamation claim against Meta is utterly deficient. At the outset, that claim does not even mention Meta. (Doc. 1-1 ¶¶ 14-17). Moreover, the narrative in support of this claim simply states that Based Bodyworks creates "the assumption of quality of their product," thus allegedly implying that other competing products are inferior. However, Tufano does not allege that Based Bodyworks actually defames, or even mentions, his products in their social media advertisements. Thus, as pleaded, nothing in this defamation claims asserts: the defamatory character of the communication; its application to the plaintiff; any understanding by the recipient of its defamatory meaning; or any understanding by the recipient of it as intended to be applied to plaintiff. This claim fails.

Tufano's civil conspiracy claim is also legally deficient. As we have previously explained to Tufano when addressing conspiracy claims that he leveled against another social media platform:

> Under Pennsylvania law there are three essential elements to a civil conspiracy claim. To plead and prove such a claim a plaintiff must allege that: (1) two or more persons acted with a common purpose to commit an illegal act or to commit a lawful act by unlawful means or for an unlawful purpose, (2) overt action in furtherance of the common purpose has been taken and (3) actual legal damage has resulted. Weaver v. Franklin County, 918 A.2d 194,202 (2007) (citing Brown v. Blaine, 833 A.2d 1166 (2003)). Moreover:
>
>> [I]n order to plead a civil ... action based upon a claim of conspiracy, a plaintiff must plead allegations that are: supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives. Bare conclusory allegations of "conspiracy" or "concerted action" will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred.
>
> Flanagan v. Shively, 783 F.Supp. 922, 928 (M.D. Pa. 1992). Furthermore, when pleading a conspiracy claim, a plaintiff cannot rely upon subjective suspicion and speculation. Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991). Quite the contrary, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); see also Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a 'meeting of the minds') (further citation omitted). This holding remains good law following Twombly and Iqbal, which, in the conspiracy context, require 'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.' Twombly, 550 U.S. at

> 556, 127 S.Ct. 1955, 167 L.Ed.2d 929." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) cert. denied, ––– U.S. ––––, 131 S.Ct. 1798, 179 L.Ed.2d 655 (U.S. 2011).

Tufano v. Reddit, Inc., No. 3:24-CV-1114, 2024 WL 5085969, at *5 (M.D. Pa. Nov. 8, 2024), report and recommendation adopted, No. 3:24-CV-1114, 2024 WL 5078105 (M.D. Pa. Dec. 11, 2024), appeal dismissed, No. 25-1014, 2025 WL 1851754 (3d Cir. Mar. 21, 2025).

In the instant case, beyond his fantastic assertion that he is a victim of "'The Elite' AKA Secret Society Members, such as the Illuminati and Freemasonry," (Doc. 1-1 ¶ 20), Tufano's complaint is devoid of any well-pleaded facts which meet the elements of this legal claim. Simply put, Tufano's unadorned subjective suspicion that some elitist cabal like the Freemasons is attempting to financially destroy him is insufficient to state a viable civil conspiracy claim. Therefore, this claim should also be dismissed.

We recognize that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, Tufano's complaint is flawed in multiple ways which may not be cured through more artful forms of pleading. Therefore, granting further leave to amend

would be futile and would result in undue delay. Accordingly, the complaint should be dismissed with prejudice under 28 U.S.C. § 1915 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss, (Doc. 33), be GRANTED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of August 2026.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge